**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Crim. No. RDB-10-0398 |
| | : | |
| **TRAVIS GAINES** | : | |

**DEFENDANT'S MOTION TO EXCLUDE TIME**
**UNDER THE SPEEDY TRIAL ACT**

Travis Gaines, by his undersigned counsel, hereby moves pursuant to 18 U.S.C. § 3161(h)(1)(D) to exclude all time from August 6, 2010, until December 27, 2010 under the Speedy Trial Act. For the reasons set forth below, this Court should find that the ends of justice will be served by continuing the trial date beyond the 70-day period normally required under 18 U.S.C. § 3161(c)(1) and outweigh the best interest of the public and the defendant in a speedy trial.

1. Mr. Gaines has been charged by a superseding indictment with the unlawful possession of a firearm in violation of 18 U.S.C. § 922(g).

2. Mr. Gaines' first appearance on this charge as reflected in the superseding indictment occurred on August 6, 2010.

3. On August 30, 2010, Mr. Gaines filed a Motion to Suppress the firearm at issue in this matter.

4. On November 10, 2010, the Court heard testimony on that Motion to Suppress. Following that hearing, the parties prepared and submitted substantial post-hearing memoranda on the relevant constitutional issues. The Court has indicated that it intends to rule on that motion on December 6, 2010, which was the originally scheduled trial date. With the consent of both the defendant and the government, the Court has now scheduled the trial in this matter to begin on

December 27, 2010.

5. In this matter, the speedy trial requirements began to run with the first appearance of the defendant on the superseding indictment which occurred on August 6, 2010. *See* 18 U.S.C. § 3161(c)(1). Section 3161(h)(1)(D) excludes from the time requirements "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion." In this matter, the time between August 30, 2010, and December 6, 2010, is excludable because a motion was pending and unresolved. In addition, § 3161(h)(7)(A) permits exclusion of time ". . . resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request for the attorney for the Government. . ., if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." In this matter, the time between August 6, 2010, and August 30, 2010, was the time during which the defendant required time to investigate the matter to determine **whether** to file a pretrial motion. As such the ends of justice justify exclusion of that time from the operation of the Speedy Trial Act. Further, the issues presented for resolution are such that no matter how the motion is decided, the parties will need time to determine how best to then proceed with the case. The Court, with the consent of the parties, has allotted the time between December 6, 2010, and December 27, 2010, for the parties to make that assessment. The suppression issues and the case resolution issues are of such a nature and complexity that they justify a delay of the trial date beyond the normal seventy day period. Further, the request for the postponement is made at the request of the defendant and is necessary for the adequate preparation of this matter. Finally, there is no objection to the scheduling by the

government. Under these circumstances, neither the defendant's nor the public's interest in a speedy trial will be prejudiced by the postponement.

6.    Accordingly, the defendant requests that the Court issue an order excluding from the operation of the time under the Speedy Trial Act all time from August 6, 2010, to the trial date of December 27, 2010. This exclusion is appropriate because it covers time during which pretrial motions were investigated, pending, and unresolved, and because it allots appropriate time for the parties to resolve the post-hearing issues.

WHEREFORE, Mr. Gaines requests that this Court exclude all time from August 6, 2010, until December 27, 2010, from the calculation of time under the Speedy Trial Act. A proposed order by endorsement is included herein.

>                   Respectfully submitted,
>
>                   JAMES WYDA
>                   FEDERAL PUBLIC DEFENDER
>
>                   _____/s/_____
>                   JOSEPH L. EVANS, 02055
>                   Assistant Federal Public Defender
>                   Tower II - Ninth Floor
>                   100 South Charles Street
>                   Baltimore, Maryland 21201
>                   (410) 962-3962 (telephone)
>                   (410) 962-0872 (facsimile)
>                   Joseph_Evans@fd.org